IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| J. J. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-01299-CV-W-ODS ) |
| AUTOZONERS, et al., | ) ) |
| Defendants. | ) |

### ORDER AND OPINION (1) GRANTING PLAINTIFF'S MOTION TO REMAND, (2) DENYING PLAINTIFF'S MOTION TO STAY AS MOOT, (3) DENYING DEFENDANT'S MOTION TO STRIKE, AND (4) REMANDING THE MATTER TO STATE COURT

Pending are Plaintiff's Motion to Remand (Doc. #18), Plaintiff's Motion to Stay (Doc. #19), and Defendant's Motion to Strike (Doc. #22). For the following reasons, Plaintiff's Motion to Remand is granted, Plaintiff's Motion to Stay is denied as moot, and Defendant's Motion to Strike is denied. This matter is remanded to the Circuit Court of Jackson County, Missouri

### I. BACKGROUND

In October 2016, Plaintiff J. J. Johnson filed a lawsuit in the Circuit Court of Jackson County, Missouri against Defendant Autozoners, LLC ("Autozoners"), T.C. Hulett ("Hulett"), Larry Zimmerman ("Zimmerman"), Greg Richardson ("Richardson"), and Rick Smith ("Smith") alleging violations of the Missouri Human Rights Act ("MHRA"). Doc. #1-1, at 2-14. Defendants Autozoners and Zimmerman timely removed the matter to this Court.[1] Doc. #1.

The parties do not dispute Plaintiff is a citizen of Missouri, and Autozoners is a citizen of Nevada and Tennessee. Doc. #1, at 2; Doc. #1-1, at 3. Plaintiff alleged Zimmerman could be "found" in Springfield, Missouri. Doc. #1-1, at 4-5. Although

---

[1] No other defendant had been served at the time of removal. Doc. #1-1, at 1. The docket does not establish these other defendants have been served at this time.

Defendants did not specifically state Zimmerman's citizenship in the Notice of Removal, they argue "Plaintiff has fraudulently joined Mr. Zimmerman…for the sole purpose of defeating diversity…" Doc. #1, at 4. Thus, it appears Zimmerman is a citizen of Missouri. Defendant represents, and Plaintiff does not dispute, Hulett, Richardson, and Smith are not citizens of Missouri. Doc. #1, at 2.

Plaintiff filed a motion to remand, arguing Zimmerman was not fraudulently joined. Defendant opposes Plaintiff's motion, arguing Plaintiff has not pled a colorable basis to find liability against Zimmerman.[2] Defendant also sought to strike portions of Plaintiff's motion to remand and exhibits attached to that motion. Plaintiff opposes that motion. Those motions – as well as Plaintiff's motion to stay the deadline for his response to a pending motion to dismiss – are ripe for consideration.

## II. MOTION TO STRIKE

Before turning to Plaintiff's motion to remand, the Court must consider Defendants' motion to strike portions of Plaintiff's motion to remand and exhibits thereto.

### A. Standard

"The court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is limited to striking pleadings. *Id.*, *see also Joe Hand Promotions, Inc. v. Shepard*, Case No. 4:12CV1728, 2015 WL 1976342 (E.D. Mo. Apr. 30, 2015). Pleadings include a complaint, answer, answer to counterclaim, answer to cross-claim, third-party complaint, answer to third-party complaint, and if ordered by the court, a reply to an answer. Fed. R. Civ. P. 7(a)(1)-(7). Despite the broad discretion given to district courts, "striking a party's pleadings is an extreme measure." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted). Motions under Rule 12(f) are "viewed with disfavor and are infrequently granted." *Id.* (internal quotations and citations omitted).

---

[2] Defendants also seek dismissal of Plaintiffs' claims. That motion is not ripe for consideration.

### B. Discussion

Pursuant to Rule 12(f), Defendants move to strike certain paragraphs in Plaintiff's motion to remand and exhibits attached to Plaintiff's motion. Doc. #22. Defendants do not seek to strike a pleading; rather, they seek to strike part of a motion and exhibits to a motion. Rule 12(f) only permits the striking of pleadings. Thus, the Court must deny Defendants' motion. Additionally, when resolving a fraudulent joinder issue, the Court is permitted to consider materials outside the pleadings. *See Dumas v. Patel*, 317 F. Supp. 2d 1111, 1114-15 (W.D. Mo. 2004) (citations omitted); *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Tellingly, Defendants attached exhibits to their opposition to Plaintiff's motion to remand, and ask the Court to consider those exhibits when deciding Plaintiff's motion to remand.

### III. MOTION TO REMAND

Plaintiff asks the Court to remand this matter. Defendants argue Plaintiff has fraudulently joined Zimmerman in an effort to destroy diversity, and therefore, his motion should be denied.

### A. Standard

The Eighth Circuit has articulated the fraudulent joinder standard. "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). If it is clear under the governing state's law that the petition "does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). But if there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. *Filla*, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no

3

responsibility to *definitively* settle the ambiguous question of state law." *Id.* at 811 (citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* The party seeking removal and opposing remand has the burden of establishing federal jurisdiction exists. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1995) (citation omitted).

## B. Discussion

Defendants contend Plaintiff has not pled a colorable basis to find liability against Zimmerman, and Zimmerman was fraudulently joined in an effort to destroy diversity. Plaintiff alleges claims of racial discrimination, disability discrimination, and retaliation against all Defendants. Doc. #1-1. The allegations specific to Zimmerman include, but are not limited to, the following:

- "Defendant Larry Zimmerman is a manager and/or supervisor for Defendant Company, who manages more than 6 people and is an employer…, and therefore may be sued in his individual capacity."

- "Plaintiff would receive audits by Larry Zimmerman, the regional loss prevention manager (RLPM)…."

- "Larry Zimmerman failed Plaintiff in the first audit…. Larry Zimmerman said he would talk to the regional manager, Greg Richardson, and would get back to him in 30 days."

- "Larry Zimmerman went back to the store and failed Plaintiff again…."

- "Plaintiff then had a meeting with the regional manager…, district manager…, the HR manager…, the regional loss prevention manager, Larry Zimmerman, and the commercial manager…. [T]hey asked Plaintiff to be the commercial manager for the same pay he was making to which Plaintiff answered no. For about an hour they proceeded to try to convince Plaintiff but he said no. The meeting ended with Plaintiff stating he understood what would happen if he failed another audit and begging them for another commercial manager."

- "Larry Zimmerman went back to the store for another audit. Plaintiff explained to Larry…[he] was not ready for the audit…. Larry failed Plaintiff again."

- Plaintiff informed "Larry that T.C. Hulett was mistreating him and that Greg would make comments about Plaintiff's weight."

- Plaintiff "was getting dirty looks from Larry, Greg, and Louis."

4

- Plaintiff was informed "Larry, Louise, and Greg had a conference call last night and since they forgot to demote Plaintiff last year they were going to demote him now to commercial manager and drop his pay to $14 and [sic] hour."

- "Defendant and its managers have engaged in a pattern and practice of discriminatory actions in response to Plaintiff engaging in a protected activity…."

- "Defendants' actions…constituted racial discrimination against Plaintiff in violation of the MHRA."

- "Defendants' actions…constituted perceived disability discrimination against Plaintiff in violation of the MHRA…."

- "Defendants' actions…constituted retaliation against the Plaintiff in violation of the MHRA."

Doc. #1-1, at pp. 4-5, 7-13, ¶¶ 11, 29-31, 34, 37, 40-41, 56, 61, 68, 76.

On its face, the petition appears to sufficiently state a cause of action against Zimmerman. But the parties' briefing and arguments tell a different story. In his motion to remand, Plaintiff disregards his allegation that Zimmerman is an "employer" under the MHRA and is subject to liability in that capacity. Doc. #24, at 2. Instead, Plaintiff argues he can bring a retaliation claim against Zimmerman, regardless of whether he is an "employer," under a specific section of the MHRA. Section 213.070 of the Missouri Revised Statutes states it is an "unlawful discriminatory practice" to "aid, abet, incite, compel, or coerce the commission of acts prohibited under this chapter or to attempt to do so" or "retaliate or discriminate in any manner against any other person because such person has opposed any practice opposed by this chapter…." Mo. Rev. Stat. § 213.070(1)-(2). Pursuant to this statute, Plaintiff argues he pled a colorable basis to find liability against Zimmerman.

The Missouri Supreme Court found "[t]he language of section 213.070(2) is clear and unambiguous. The statute renders retaliation in any manner against any other person an unlawful discriminatory practice." *Keeney v. Hereford Concrete Prods., Inc.*, 911 S.W.2d 622, 624 (Mo. banc. 1995). The Supreme Court held "retaliation" under section 213.070 "must be given broader meaning" because it is not limited to the "employer-employee relationship." *Id.* (internal quotations omitted). Although the Supreme Court found "the statutory language is broad enough to give us pause, it is unambiguous and consistent with the purposes of chapter 213." *Id.* at 625. Thus,

5

"courts must give effect to the language used by the legislature." *Id.* at 624.[3] Based upon the Court's reading of the statute and *Keeney*, and resolving any ambiguities in the law in favor of Plaintiff, the Court finds there a reasonable basis for predicting the state law may impose liability against Zimmerman under section 213.070.

The Court must now consider whether Plaintiff sufficiently pled a claim against Zimmerman. When the sufficiency of a petition is questioned, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Filla*, 336 F.3d at 811(quoting *Iowa Pub. Serv. Co.*, 556 F.2d at 406). Unlike the statutory language, the words "aiding," "abetting," "inciting," "compelling," or "coercing" do not appear in Plaintiff's Petition. Mo. Rev. Stat. § 213.070(2). But Plaintiff alleged Zimmerman, among other things, retaliated and discriminated against him. *See* Doc. #1-1, at pp. 11-13, ¶¶ 59, 61, 68, 76. At a minimum, Plaintiff has alleged Zimmerman engaged in conduct that violated the MHRA, but it is unclear if he has sufficiently pled a claim against Zimmerman under section 213.070. Because the Court must decide all doubtful questions about the sufficiency of the petition in favor of remand, Plaintiff's motion to remand is granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court remands this action to the Circuit Court of Jackson County, Missouri for further proceedings. The Court declines to award Plaintiff attorney's fees incurred as a result of his motion to remand. Defendant's motion to strike is denied, and Plaintiff's motion to stay is denied as moot.

IT IS SO ORDERED.

DATE: February 17, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] Relying on *Keeney*, the United States District Court for the Eastern District of Missouri, found a plaintiff could bring a claim under section 213.070 against an individual who was not an "employer" under the MHRA. *See Vacca v. Mallinckrodt Med., Inc.*, Case No. 4:96CV0888, 1997 WL 33827523 (E.D. Mo. Jan. 15, 2997).

6